SUMMARY ORDER
Nancy Brown appeals from an August 23, 2007, order of the District Court that affirmed an Administrative Law Judge’s (“ALJ”) determination that Brown’s minor son, JK, was not disabled and was therefore ineligible for Supplemental Security Income (“SSI”).
We assume the parties’ familiarity with the facts, the proceedings below, and the specification of issues on appeal.
To be disabled within the meaning of the Social Security Act, a child must have an impairment or combination of impairments that are severe and that either medically or functionally equal the severity of an impairment listed in appendix 1 to subpart P of part 404 of Chapter 3 of Title 20 of the Code of Federal Regulations. 20 C.F.R. § 416.924(c), (d). Neither party challenges the ALJ’s determinations that JK’s Attention Deficit Hyperactivity Disorder (“ADHD”), obesity, and migraine headaches are severe impairments, but that these impairments are not medically equivalent to a listed impairment. Brown, however, argues that (1) the ALJ failed to take into account JK’s diagnosed learning disorder, and (2) JK’s combined disabilities are the functional equivalent of a listed impairment.
In order for an impairment or combination of impairments to be the functional equivalent of a listed impairment, the child must show a “marked” impairment in two functional areas or an “extreme” limitation in one area. 20 C.F.R. § 416.926a(a). The relevant areas are: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(l). Brown contends that JK’s combined impairments imposed mai'ked limitations on his abilities to acquire and use information and to attend and complete tasks. She also urges that the ALJ committed legal error by failing to determine whether JK’s learning disorder was severe and to address its impact on his functioning.
We may set aside the ALJ’s determination only if it is marred by legal error or unsupported by substantial evidence. See Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir.1999). The ALJ did not determine whether JK’s learning disorder was “severe,” and substantial evidence indicates that it was. In particular, a school psychologist administered achievement and intelligence tests to JK and found that his bx'oad reading score was 65.94% below what would be predicted by his IQ. We *638 also are unsure whether the ALJ factored JK’s learning disorder into his evaluation of JK’s functional capacities. On the one hand, the ALJ stated that he had considered “the interactive and cumulative effects of all medically determinable impairments, including any impairments that are ‘severe’ and/or ‘not severe’ and referred to’ the school psychologist’s report when summarizing the evidence. On the other hand, the ALJ’s specific assessment of JK’s functioning in acquiring and using information and attending and completing tasks makes no mention of learning problems and emphasizes behavioral issues relevant to ADHD.
Notwithstanding these potential errors, we need not remand. As discussed, JK must show a “marked” limitation in two-domains. While Brown argues that the learning disorder is relevant to both the contested domains, she fails to explain how it is relevant to the domain of attending and completing tasks, and the record contains no indication that it would impact this domain. JK’s learning disorder affects his ability to read, not his ability to attend to tasks. Therefore, the ALJ’s possible failure to consider the impact of JK’s learning disorder did not infect his consideration of whether JK had a “marked” limitation in attending and completing tasks. Further, substantial evidence supports the ALJ’s determination that there was a “less than marked” limitation in this domain. The school psychologist gave generally positive ratings to attentional tasks after observing JK in his classroom.In addition, the consulting psychologist found that JK’s attention and concentration were intact. The ALJ was entitled to credit this evidence over other evidence suggesting that JK’s limitations were more severe.
We, therefore, affirm the order of the District Court.